UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

                                                      **MEMORANDUM OPINION AND ORDER**
                                                    Crim. No. 13-136 (01) (MJD)

Guy Edward Wheelock,

    Defendant.
_____

    LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

    Amy Conners, Best & Flanagan LLP, Counsel for Defendant.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 94)

## I. Background

On November 7, 2013, Defendant pleaded guilty to one count of Receipt of Child Pornography. On February 29, 2014, Defendant was sentenced to term of imprisonment of 180 months, followed by twenty years supervised release. He is currently serving his sentence at Beaumont Low FCI, and his release date is March 16, 2026.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has provided documentation that he submitted a request for a sentence reduction to the Warden on March 1, 2021. (Doc. No. 94, Ex. 1.) As more than thirty days have lapsed since he submitted that request, the Court finds that Defendant has exhausted his administrative remedies. Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant is 62 years old, and has been diagnosed with Type-2 Diabetes.  He also suffers from numerous other medical conditions, including a history of heart disease, recurrent hypotension, hyperlipidemia, and anemia.  He also suffers from neuropathy in both feet, and has a chronic ulcer on his ankle.  In addition, due to severe atherosclerosis to both legs, Defendant is bound to a wheelchair.  Defendant's medical records further indicate he is in need of vascular surgery.  (See Doc. No. 100 at 14-16, 78-80).

On April 22, 2020, Defendant tested positive for COVID-19.  (Id. at 16.)   Defendant later complained that for six months following his COVID-19 diagnosis, has suffered from chronic diarrhea.  (Id. at 85.)

The government acknowledges that Defendant suffers from a medical condition that places him at a risk of serious illness were he to contract COVID-19, but argues that Defendant has tested positive for COVID-19 and has not suffered a serious illness as a result.  The government thus argues the Court should find he no longer presents "extraordinary and compelling" reasons for early release.

The Court disagrees. Defendant has presented evidence to suggest that he continues to suffer symptoms as a result of his COVID-19 diagnosis. Further, his Type-2 Diabetes, hypotension, heart disease, neuropathy, chronic ulcer on his ankle and his severe atherosclerosis to both legs, are very serious medical conditions that substantially diminish his capacity for self-care in prison. Accordingly, the Court finds that Defendant has demonstrated there are extraordinary and compelling reasons based on his medical conditions that warrants a sentence reduction. See United States v. Rank, 491 F. Supp.3d 442, 449 (N.D. Iowa 2020) (finding defendant's medical conditions, including Type-2 Diabetes, hypertension and obesity, together with presence of virus in prison, substantially diminished his ability to provide self-care); United States v. Jeanetta, Crim. No. 05-341 (DWF), 2020 WL 7074620 (D. Minn. Dec. 3, 2020) (finding defendant's medical conditions, including Type-2 Diabetes and his age, 65, constitute extraordinary and compelling reasons meriting a sentence reduction).

The government further opposes the motion for a sentence reduction on the basis such a reduction is not supported under 18 U.S.C. § 3553(a) and that he presents a danger to the community.

Based on the record before it, the Court finds that early release from custody is warranted. A sentence reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). Defendant has served over seven years, which is approximately 60% of his sentence. A sentence of time served in this case would reflect the seriousness of the offense of conviction, afford adequate deterrence to criminal conduct, promote respect for the law and provide a just punishment.

Defendant will be on supervised release for twenty years, and his conditions of release will reduce any danger he poses to the community. For example, all of Defendant's computer use must first be approved by the probation office, and the probation office may install computer and internet monitoring programs on any computer to which Defendant has access. The monitoring of his computer use includes random examinations and removal of any computer system or devices for thorough examinations. Defendant's conditions of release further

preclude Defendant from associating with persons under the age of 18 except in the presence of a responsible adult who has been approved by the probation office.  Further, Defendant must participate in sex offender treatment and/or mental health treatment as approved by the probation office.

In addition, at 62 years old, Defendant is unlikely to reoffend.  See U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders at 23 (2017), [https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders](https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders) (setting forth reconviction (11.4%) and reincarceration (8.8%) rates for offenders 60 to 64 years).  Furthermore, Defendant did not incur any disciplinary reports while incarcerated (Doc. No. 100 at 60.)  This fact, together with his age and ill health, weighs in favor of finding that he does not pose a danger to the community.

**IT IS HEREBY ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc No. 94) is **GRANTED;**

2. Defendant's Sentence is reduced to TIME SERVED;

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect, including all standard and special conditions of supervised release;

4. Defendant's release residence and release plan have been reviewed and approved by the U.S. Probation Office therefore this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arranges are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended; and

5. The probation office shall release the presentence report to the State of Minnesota for the purpose of risk level assignment and to the sex offender treatment provider.

Date:  May 26, 2021                                   s/Michael J. Davis
                                                                     Michael J. Davis
                                                                     United States District Court